JUNIEL BUTLER, Petitioner v COMMISSIONER OF INTERNAL REVENUE, Respondent
Butler v. Commissioner
Docket No. 17882-89
United States Tax Court
T.C. Memo 1991-40; 1991 Tax Ct. Memo LEXIS 59; 61 T.C.M. (CCH) 1767; T.C.M. (RIA) 91040; February 4, 1991, Filed *59 Decision will be entered for respondent as to the deficiency and the addition to tax under section 6651(a)(1) and for the petitioner with respect to the additions to tax under sections 6653(a) and 6661. Juniel Butler, pro se. William D. Reese, for the respondent. COHEN, Judge. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined a deficiency of $ 31,147 in petitioner's Federal income tax for 1984 and additions to tax under sections 6651(a)(1), 6653(a)(1) and (a)(2), and 6661. Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect for the year in issue. Respondent has now conceded that petitioner is not liable for the additions to tax under sections 6653(a) or 6661. The issue for decision is whether petitioner is entitled to relief under section 66(c) from tax liability on gain on the sale of certain real property. FINDINGS OF FACT Petitioner was a resident of California at the time that she filed her petition. On April 1, 1968, petitioner married Edward D. Butler. In March 1982, petitioner and Mr. Butler separated, and petitioner filed a dissolution proceeding, docket No. 503572, in the Superior *60 Court for the State of California, County of Santa Clara (the dissolution action). On or about January 13, 1977, Mr. Butler purchased business real estate located at 3395 Woodward Avenue, Santa Clara, California (the Woodward property), for $ 220,000. The property was conveyed by the seller to "Edward D. Butler, a married man." On the same date, petitioner executed an Individual Quitclaim Deed by which she, as "wife of the Grantee * * * hereby Remise(s), Release(s) and Forever Quitclaim(s) to Edward D. Butler, a married man, as his sole as [sic] separate property" the Woodward property. The quitclaim deed was recorded sequentially with the deed by which Mr. Butler acquired title to the Woodward property. Throughout the marriage of petitioner and Mr. Butler, Mr. Butler controlled the assets of the parties and treated the Woodward property as his own. Petitioner frequently signed documents at the demand of Mr. Butler. With her petition in the dissolution action, petitioner filed a property declaration claiming the Woodward property as community property. Mr. Butler claimed that petitioner had signed a prenuptial agreement, under which property acquired by either spouse during *61 their marriage would be the separate property of that spouse. On October 19, 1984, the Superior Court in the dissolution action found that petitioner did not sign the alleged prenuptial agreement. The Superior Court ruled that all of the assets of the parties, including the business and the real estate of the parties, were community property. In August 1982, petitioner's attorney in the dissolution action received an appraisal valuing the Woodward property at $ 520,000. On March 14, 1984, Mr. Butler sold the Woodward property for $ 533,000. Petitioner's attorney in the dissolution action learned of the sale of the Woodward property prior to July 24, 1984. On November 19, 1984, petitioner and Mr. Butler stipulated in open court to terms of settlement of the dissolution action. The settlement was reduced to judgment entered March 29, 1985. Mr. Butler was ordered to pay to petitioner the sum of $ 200,000, with $ 75,000 payable immediately and the balance in installments commencing January 2, 1985. Petitioner was also awarded the family residence and an automobile. Mr. Butler failed to pay the $ 125,000 balance due to petitioner in accordance with the judgment and had not paid *62 that amount as of the trial of this case on October 24, 1990. Mr. Butler reported only one-half of the proceeds of sale and gain attributable to the sale of the Woodward property on his separate 1984 Federal income tax return. Petitioner did not report the sale on her 1984 Federal income tax return. Petitioner received an extension to August 15, 1985, for filing her 1984 return. Petitioner's Federal income tax return was filed on August 25, 1985. In separate notices of deficiency, respondent determined that Mr. Butler was liable for tax on the full amount of the gain and that Mrs. Butler was liable for tax on one-half of the gain from sale of the Woodward property. Separate petitions were filed with respect to the notices of deficiency, and the cases were consolidated for trial. OPINION Immediately prior to trial of this case, a settlement was reached between respondent and Mr. Butler with respect to his tax liability arising from the sale of the Woodward property. Without notifying petitioner, respondent released Mr. Butler from appearing pursuant to a subpoena for trial. Mrs. Butler testified that, even after the California court had ruled that the Woodward property was *63 community property, Mr. Butler always treated it as his own. She further testified that Mr. Butler used threats and actions to coerce or intimidate her into signing certain documents; that she never received the full amount awarded to her under the divorce settlement; and that, at the time of the settlement, the Woodward property was considered to be a part of Mr. Butler's business. This testimony is credible, uncontradicted, and unimpeached, and we accept it as true. Unfortunately, however, the determination of the California court that the Woodward property was community property leads to the conclusion that petitioner is taxable on one-half of the gain on sale of that property, whether or not she actually received anything from the sale. See, e.g., Kimes v. Commissioner, 55 T.C. 774, 778-782 (1971). Relief in some circumstances is provided by section 66(c) as follows: (c) Spouse Relieved of Liability in Certain Other Cases. -- Under regulations prescribed by the Secretary, if -- (1) an individual does not file a joint return for any taxable year, (2) such individual does not include in gross income for such taxable year an item of community *64 income properly includible therein which, in accordance with the rules contained in section 879(a), would be treated as the income of the other spouse, (3) the individual establishes that he or she did not know of, and had no reason to know of, such item of community income, and (4) taking into account all facts and circumstances, it is inequitable to include such item of community income in such individual's gross income,
then, for purposes of this title, such item of community income shall be included in the gross income of the other spouse (and not in the gross income of the individual). (d) Definitions. -- For purposes of this section -- (1) Earned income. -- The term "earned income" has the meaning given to such term by section 911(b) [now 911(d)(2)]. (2) Community income. -- The term "community income" means income which, under applicable community laws, is treated as community income. (3) Community property laws. -- The term "community property laws" means the community property laws of a State, a foreign country, or a possession of the United States. Section 879(a), referred to in section 66(c)(2), states that community income other *65 than earned income, trade or business income, or income derived from separate property of a spouse, "shall be treated as provided in applicable community property law." Gain from sale of the Woodward property cannot be characterized as earned income, trade or business income, or income derived from separate property. Respondent contends that petitioner is not eligible for relief under section 66(c) because, under section 879(a), gain on sale of community property would not be treated as the income of Mr. Butler and because petitioner knew of the income and, according to respondent, received a benefit in the form of the payments ordered by the Superior Court. Although the evidence contradicts, rather than supports, the claim that petitioner received a benefit from sale of the Woodward property, the evidence requires the conclusion that petitioner knew of the sale prior to settlement of the dissolution action and prior to the time that she filed her Federal income tax return for 1984. In any event, as a matter of California law, neither section 879(a) nor 66(c)(2) allows us to treat more than one-half of the income from sale of the Woodward property as income of Mr. Butler. Thus *66 petitioner is not entitled to relief under section 66(c). She has not established reasonable cause for late filing of her 1984 return, and the addition to tax under section 6651(a)(1) must be sustained. Because of respondent's concession, Decision will be entered for respondent as to the deficiency and the addition to tax under section 6651(a)(1) and for the petitioner with respect to the additions to tax under sections 6653(a) and 6661.